UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF | Adversary No. |
| TONYA GAIL CHAMBERS | Case No. 19-10309 (Judge Beth A. Buchanan) |
| Debtor | |
| E. HANLIN BAVELY, Trustee in Bankruptcy<br>36 E. 7th Street, Suite 2020<br>Cincinnati, OH 45202 | **COMPLAINT:**<br>**1.    TO AVOID A FRAUDULENT TRANSFER OF REAL PROPERTY**<br>**2.    DECLARATORY JUDGMENT** |
| Plaintiff | |
| vs. | |
| BARBARA CROUCHER<br>1581 Hamilton-Richmond Road<br>Hamilton, OH 45013 | |
| Defendant | |

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.    Debtor filed her petition for relief on January 31, 2019; and the Trustee herein was thereafter appointed by the Office of the United States Trustee, United States Department of Justice; and thereafter the creditor meeting was conducted on February 28, 2019.

2.    On November 26, 2014 debtor, along with defendant, Barbara Croucher, and Gary M. Mitchell, Jr., together in a joint and survivorship deed dated November 26, 2014, received title to he real property which is the subject of this action, having a street address of 1581 Hamilton-Richmond Road, Hamilton, Butler County, Ohio 45013.  Attached as Exhibit A and made a part hereof is a copy of the legal description to this real estate.

3. The deed relating to the transfer sought to be avoided was recorded on October 16, 2016, at Book 8755 at Page 1851 of the Deed Records of Butler County, Ohio .The date of the transfer sought to be avoided then is the date of this deed which is October 11, 2016.

4. All three of the foregoing persons resided in two houses within the boundaries of the real property otherwise described, together with a minor daughter born of the debtor and Gary M. Mitchell, Jr.

5. Prior to the date of transfer and during the time subsequently and through 2016, debtor accumulated significant credit card debt which is set out in her bankruptcy filing on the schedule relating to general unsecured creditors, and in addition, described on the record of proofs of claim filed in this court and totaling at least 14 claims with a balance due of approximately $31,700.00.

6. The claims docket in this matter will reveal that several of the proofs of claim reflect the debtor's original debt owed to her original creditors and the subject of default by her have been factored and contain reference to the factoring events subsequently; that is to say that while a debt may originally have been incurred in the period 2014 through 2016, the debt having been, in the meantime, factored may reflect a new "opening" date in the year 2017 or 2018.

7. Debtor and her small child, on or about October, 2016, were forced to leave the subject real property and to find elsewhere to live and the subject property no longer was her residence. There remained at the site the defendant, Barbara Croucher and Gary Mitchell, Jr.

8. Debtor was coerced by these persons to execute the above noted Quit Claim Deed wherein she conveyed her then one-third interest in the real property described therein and conveyed it to defendant Barbara Croucher and without receiving a reasonable equivalent value in exchange for the transfer.

9. At the time of executing this deed debtor was insolvent, received no income for support of her minor child, and had minimal or nominal income such that she was unable to provide for the daily support of herself and her minor daughter, and as well pay as her debts as fell due, being the described credit card debt as well as other debts.

10. Beginning in 2017, debtor defaulted on all of her credit card debt and was unable to make payments as they fell due. Her bankruptcy filing followed.

11. The real estate transferred herein described was her one asset and without support, she became insolvent.

12. The transfer herein was a fraudulent transfer.

## FIRST CAUSE OF ACTION

13. This cause of action in this adversary proceeding is brought in conformity with 11 U.S.C. § 544 (b) [Trustee as Lien Creditor and as Successor to Certain Creditors and Purchasers]; 11 U.S.C. § 548 [Fraudulent Transfers and Obligations] as such provision may relate only to the powers of a Trustee in such Section 544; Ohio Revised Code § 1336.01 et seq. [Ohio Uniform Fraudulent Transfer Act] and specifically Ohio Revised Code § 1336.05 [Creditors Whose Claims Arose Before the Transfer or Obligation Incurred; and as well Ohio Revised Code § 1336.04 [Transfer Made or Obligation Incurred Fraudulent as to Creditor]; and specifically § 1336.04(A)(2)(b); Bankruptcy Rule 7001(1) [Scope of Rules of Par VII]; and is a proceeding which this Court may determine under 28 U.S.C. § 157(b)(2)(I); and the Court has jurisdiction in this proceeding pursuant to 28 U.S.C. § 1334(b), and the General Order of Reference entered in this District.

14. The transfer described herein was made and incurred fraudulent as to debtor's creditors, without reasonable equivalent value in exchange for the transfer and it can be determined

that the debtor intended to incur, or it could be believed or reasonably should have been believed that the debtor would incur, debts beyond the debtor's ability to pay as they came due. In fact, at the time of the transfer and as alleged above, debtor had significant debts otherwise described in her schedules and statement of affairs and specifically her listing of creditors including general unsecured creditors, and as well set out in proofs of claim filed by her creditors with this Court; all of which is set out herein as if fully reiterated in this Complaint.

WHEREFORE, E. Hanlin Bavely as Trustee, prays the Court that an Order be entered herein and judgment entered herein avoiding the transfer of October 11, 2016 and causing title then to revert to and be returned to the debtor in the form of the allegations of this complaint and so that the Trustee may, upon transfer of title to the bankruptcy estate, liquidate same for the benefit of unsecured creditors, that the Trustee may recover his costs of court herein, and such other relief to which the Trustee may herein be entitled.

## SECOND CAUSE OF ACTION

15.     Plaintiff reiterates for this cause of action all the statutory allegations made in the first cause of action as if fully set forth herein, and which are not herein inconsistent, and further alleges that this cause of action is a proceeding for declaratory judgment brought under 28 U.S.C. § 2201 [Creation of Remedy]; and 28 U.S.C. § 2202 [Further Relief]. Plaintiff herein seeks a declaratory judgment of his rights under the foregoing provisions of the Bankruptcy Code and the Ohio Revised Code, and the deeds further alleged herein as well as the listing of creditors in the debtor's unsecured creditors schedule filed as part of her petition for relief and as well the proofs of claim of creditors filed herein and that by reason thereof the Trustee can be found to have a right to avoid the transfer described in the allegations of this complaint.

WHEREFORE, the Plaintiff E. Hanlin Bavely, Trustee, prays the Court that the Court declare his rights herein concerning the transfer of real property alleged in the complaint herein, including his right under the Bankruptcy Code and the laws of the State of Ohio and the Ohio Revised Code as alleged herein and finding by declaratory judgment that the Trustee has a right to avoidance of such transfer; that the transfer alleged in the complaint herein be avoided such that the defendant, Barbara Croucher, be required to re-convey the full, right title and interest in the real property described herein to the Plaintiff-Trustee; in the alterative that an order issue herein avoiding such transfer and thereby causing th title to the described real estate to be returned the debtor's estate; that the defendant, Barbara Croucher be required to pay the costs incurred herein; and such other relief to which the Trustee may herein be entitled.

/s/      E. Hanlin Bavely
E. Hanlin Bavely, Esq. (0025868), Trustee
36 East 7th Street, Suite 2020
Cincinnati, OH 45202

## CERTIFICATE

I certify that a copy of the foregoing **Complaint** was served (I) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by **ordinary U.S. Mail** on February 26, 2020 addressed to:

Paul J. Minnillo, Esquire, an attorney known to represent the defendant, Barbara Croucher
2712 Observatory Avenue
Cincinnati, OH 45208

/s/         E. Hanlin Bavely
E. Hanlin Bavely, Esquire

## EXHIBIT A

Three (3) acres of land more or less being situated in the southeast part of the northwest quarter of Section 24, Town 4, Range 2E, of the meridian line drawn from the north of the Great Miami River in Hanover Township, Butler County, Ohio, and beginning at a point in the east section line of said quarter section distant about 577.5'; more or less from the southeast corner of said quarter section and being a point where the middle line of the Oxford Road extended eastwardly from the Darrtown Pike would meet the section line; thence along the center of the Oxford Road 528' more or less to a point in the west line of a certain tract of 11.52 acres heretofore conveyed by Jacob Kelly to Mary A. Hileman; thence northwardly 830.94' more or less to the center of the Darrtown Road; thence south 35.25 degrees east 917.4' more or less and thence southwardly to the place of beginning containing 3 acres o f land more or less and being that portion of said tract of 11.52 acres heretofore referred to as lies north of the center of the Oxford Road where the same passes through said 11.52 acre tract. Saving and excepting a grant to the Cincinnati Gas & Electric Company dated May 17, 1968, and recorded in Volume 894, Page 108 of the Butler County Deed Records and also saving and excepting a grant to the Cincinnati Bell Telephone Company dated January 31, 1968, and recorded in Volume 895, Page 612, of the Butler County Deed Records and saving and excepting a grant to the State of Ohio dated August 15, 1968, and recorded in Volume 877, Page 37, of the Butler County Deed Records. Subject, however, to all building use, planning and zoning restrictions and limitations and/or easements, rights of way and protective covenants heretofore created which are now applicable to and effective against said real estate.

Prior Reference: O.R. 6517, Page 17, of the Deed Records of Butler County, Ohio.

Prior Address: 1581 Hamilton Richmond Rd., Hamilton, OH 45013.

*[handwritten: PARCEL NUMBER B010024000026]*